IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  99-10110-01-WEB |
| | ) |
| CHRISTOPHER D. BILLINGS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On June 12, 2000, this court sentenced defendant Christopher Billings to a term of 120-months confinement following his plea of guilty to two counts of interference with interstate commerce by robbery and one count of carrying a firearm during and in relation to a crime of violence.  The court also ordered the defendant to make restitution of $17,653.72, with the amount due in full and payable immediately.  Doc. 71.  Defendant has now filed a motion pursuant to Fed.R.Civ.P. 60(b) seeking an order that he only be required to pay $25 per month in restitution.  Defendant complains that the Bureau of Prisons has placed him on "refusal status" for his failure to make greater restitution payments from his inmate trust fund account and he states that as a result he may be considered ineligible for halfway house placement.

Although defendant's motion is asserted under Rule 60(b), he cites nothing that would support relief under that rule.  The court notes that 18 U.S.C. § 3664(k) provides that upon receipt of notice of a material change in the defendant's economic circumstances, the court may adjust a restitution payment schedule or require immediate payment in full "as the interests of justice require."  *See United*

*States v. Bowen*, 2007 WL 1560162 (10th Cir., May 31, 2007).[1] Accordingly, upon receipt of defendant's motion the court directed the Probation Office to prepare a report of the defendant's restitution status. The Probation Office informs the court that as of June 28, 2007, defendant's current restitution balance is $15,245.88 and he has made restitution payments of $2,280.67 since being sentenced. At the defendant's last review on May 23, 2007, it was determined that he had deposits totaling $2,026.06 placed in his trust account during the last six months. Defendant made restitution payments over that six month period in the amount of $148.03. After deducting what is considered the BOP standard of $75 per month (a total of $450) for telephone and commissary use, the defendant would have had a balance of $1,428.03 (or $238 per month) that he could have applied toward restitution, however the defendant spent this money on additional telephone and commissary items.

The defendant has not shown a material change in circumstances that would justify any relief under § 3664(k). The court notes that participation in the Inmate Financial Responsibility Program is voluntary, but an inmate who chooses to participate is subject to the program's requirements, including the obligation to make satisfactory progress in meeting his financial responsibility plan. *See* 28 C.F.R. § 545.11.

*Conclusion*.

Defendant's Motion Pursuant to Rule 60(b) to Correct Judgment (Doc. 115) is DENIED. IT IS SO ORDERED this  29th   Day of June, 2007, at Wichita, Ks.

>s/Wesley E. Brown
>Wesley E. Brown
>U.S. Senior District Judge

---

[1] As in *Bowen*, the defendant's current motion is filed well beyond the one-year limitation period applicable to claims under 28 U.S.C. § 2241 and 2255.